IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,

    vs.

DANIEL RAMIREZ-JIMENEZ,

        Movant.

Case No. 2:08-cr-0509 MCE KJN

FINDINGS & RECOMMENDATIONS

I. Introduction

        Movant is a federal prisoner proceeding without counsel. Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In 2011, movant pled guilty to conspiracy to possess, and possession with intent to, distribute 500 grams or more of methamphetamine. He seeks post-conviction relief alleging that defense counsel was ineffective at sentencing. For the reasons set forth below, the court finds that respondent's motion to dismiss should be granted, and the § 2255 motion should be denied.

////

////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:12-cv-1512 MCE KJN P.

1

II. <u>Movant's Claims</u>

Movant raises the following claims:

1. Defense counsel failed to object to the court's error in assessing an additional criminal history point for speeding, a minor traffic infraction;

2. Defense counsel failed to object to the court imposing two levels of enhancement because movant was on probation at the time of the offense;

3. Defense counsel failed to investigate movant's criminal history prior to sentencing, and petition the California Superior Court to terminate movant's probation *nunc pro tunc* inasmuch as movant was on probation for the purpose of paying the fine, but not as part of the underlying criminal sentence; and

4. Defense counsel failed to object to the court assessing an additional criminal history point for movant's shoplifting conviction.

(Dkt. No. 78.)

III. <u>Procedural History</u>

Movant was charged by indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine (21 U.S.C. §§ 841(a)(1) and 846) (count one), and distribution of 500 grams or more of methamphetamine (21 U.S.C. § 841(a)(1)) (count two). (Dkt. No. 12.) Movant pled guilty to count one on October 27, 2010. (Dkt. No. 59.) On June 9, 2011, movant was sentenced to 108 months in prison, a five year term of supervised release, and a $100.00 special assessment. (Dkt. No. 76.) The judgment of conviction was entered on June 21, 2011. (Dkt. No. 77.)

Movant did not file an appeal.

On June 4, 2012, movant filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

////

////

IV. <u>Factual Basis for the Plea</u>

    In early October 2008, a confidential informant ("CI") told a DEA [Drug Enforcement Administration] agent about a source of methamphetamine in the Sacramento area named "Olie." On October 21, 2008, Olie told the CI that he would be receiving three pounds of crystal methamphetamine later in the day. The CI relayed this information to the DEA.

    The DEA used the CI to arrange a "buy-bust" at the Home Depot near Florin Road and Highway 99 in South Sacramento. The DEA maintained surveillance of the CI in the Home Depot parking lot. The CI received a call from "Olie" indicating that he would be arriving in the parking lot in a purple van.

    A few minutes after the phone call, the surveillance team saw a purple van arrive and park next to the CI's car. [Co-defendant] Calixto-Navarro then exited the van and approached the CI. Calixto-Navarro then returned with the CI to the purple van. The CI later confirmed that co-defendant Calixto-Navarro was the individual known to the CI as "Olie." The van contained two other occupants in addition to Calixto-Navarro. The driver was defendant Daniel Ramirez-Jimenez. The passenger was a juvenile who was not formally charged in the Indictment.

    Upon returning to the van, the CI asked to see the drugs. Calixto-Navarro removed a black garbage bag from between the driver's and passenger's seats. The bag contained approximately one and one-half pounds of methamphetamine. Calixto-Navarro informed the CI that he could only deliver one-half of the three pounds the CI requested. Calixto-Navarro explained that he needed money from the CI to obtain the additional methamphetamine from his source. The CI then gave a pre-arranged arrest signal.

    Arresting officers found a black garbage bag containing approximately one and one-half pounds of crystal substance . . . inside the van. The garbage bag was later examined and determined to contain the fingerprints of Olivero Calixto-Navarro and [movant] ([and] the juvenile's fingerprints were also on the bag). The substance was sent to the DEA Western Laboratory in San Francisco. Tests of the substance revealed that it contained methamphetamine and had a net weight of 798.5 grams. The lab also conducted a concentration and purity test determining that the substance contained at least 697 grams of actual methamphetamine.

(Dkt. No. 61 at 12.)

////

## V. Legal Standards

28 U.S.C. § 2255 provides that:

> [a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

## VI. Discussion

### 1. Waiver of § 2255 Rights in Plea Agreement

On October 27, 2010, movant pled guilty to count one of the indictment in open court. (Dkt. No. 59.) On November 4, 2010, a written plea agreement between movant and the government was filed. (Dkt. No. 61.)

A plea agreement is a contract and subject to contract law standards. United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (*en banc*); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.  Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables.
>
> Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(Dkt. No. 61 at 7-8.)[2]

Movant also specifically acknowledged that he "carefully reviewed every part of [the plea agreement] with [his] attorney," that he understood the plea agreement, and voluntarily agreed to it. (Dkt. No. 61 at 10.)  Movant confirmed that no one had threatened him or forced him to enter into the plea agreement, and affirmatively stated he was satisfied with defense counsel's representation in this case. (Dkt. No. 61 at 10-11.)  Moreover, the Court Interpreter declared that she read the entire contents of the plea agreement to movant, translating the document from English to Spanish.  (Dkt. No. 61 at 11.)

Thus, the plea agreement reflects that movant's plea was knowing and voluntary, and that movant waived his right to collaterally attack his judgment and sentence under 28 U.S.C. § 2255.  The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to a negotiated plea is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently.  See Washington v. Lambert, 422

---

[2] The agreement also granted the government the right to reinstate any counts dismissed pursuant to the plea agreement and to prosecute movant on those counts if he "ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty." (Dkt. No. 61 at 8.)

F.3d 864, 870-71 (9th Cir. 2005) (finding right to seek federal habeas relief not waived where movant claimed that his counsel provided ineffective assistance in advising him to enter the plea agreement that included the waiver of that right); see also United States v. Pruitt, 32 F.3d 431, 432-33 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to accept the particular plea bargain that included the waiver). However, as one district court observed,

> "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."). The defendant's rights to challenge any sentencing errors may be explicitly waived. See e.g. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991). Where a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." U.S. v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000).

United States v. Mendoza-Romero, 2009 WL 3823732, at *4 (D. Ariz. Nov.12, 2009).

Here, movant does not claim that his plea was involuntarily or unintelligently entered into. Rather, movant's claims only ineffective assistance of counsel related to sentencing. The instant record reflects that the sentence imposed was consistent with the plea agreement. Accordingly, the court finds that these claims of ineffective assistance of counsel have been waived by the explicit terms of the plea agreement.

### 2. Procedural Default

Respondent contends that movant is procedurally barred from pursuing this claim because movant failed to present his claims on direct appeal. It is undisputed that petitioner did not file an appeal of his conviction. However, the Supreme Court has stated that

"ineffective-assistance-of-counsel claim[s] may be brought in a collateral proceeding under § 2255, whether or not the [movant] could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).  Thus, movant's ineffective assistance of counsel claims are not procedurally defaulted due to his failure to raise them on direct appeal.

### 3. Ineffective Assistance of Counsel

Nevertheless, even if movant did not waive his right to assert these sentencing claims, because one or more of the claims may imply an argument that the plea was not voluntary, movant's claims fail on the merits.

The Sixth Amendment guarantees the effective assistance of counsel.  To establish a claim of ineffective assistance of counsel, movant must show that defense counsel's performance fell below an objective standard of reasonableness, and that movant was prejudiced by counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 688 (1986). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687.

Where a defendant pled guilty and is asserting ineffective assistance of counsel, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Whether prejudice has been demonstrated under Strickland depends on the facts of a particular case.  "[T]o obtain relief on this type of claim, a [movant] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." See Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010), citing Roe v. Flores-Ortega, 528 U.S. 470, 480-81 (2000).  Thus, only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have rejected the plea offer and insisted on going to trial.

////

Here, movant's claims that he was "abandoned" at sentencing by defense counsel (dkt. no. 78 at 4) are belied by the record. Defense counsel filed two separate sentencing memorandums addressing movant's criminal history. (Dkt. Nos. 72 & 74.) Defense counsel argued that the court was authorized to go below the guideline range pursuant to United States v. Booker, 543 U.S. 220 (2005), and that movant's criminal history was overstated, which permitted a downward departure in sentencing under U.S. Sentencing Guidelines Manual § 4A1.3. (Dkt. No. 72 at 1-4.) Defense counsel argued that if movant's criminal history were category I, movant would be eligible for safety-valve, and not be subject to the ten year minimum mandatory sentence, but would be subject to the guideline range of 57 to 71 months. (Dkt. No. 72 at 4.) Defense counsel also argued that it was not equitable to allow the more culpable co-defendant to be safety-valve eligible, and not extend the same consideration to movant. (Dkt. No. 72 at 5.)

In the second sentencing memorandum, counsel specifically argued that the court should not consider the fact that movant was on probation for the driving without a license misdemeanor because he was on probation for the sole purpose of paying the fine. (Dkt. No. 74 at 2.) Counsel also argued that the misdemeanor commercial burglary conviction should not be counted in movant's criminal history. (Dkt. No. 74 at 4.) Defense counsel urged the court to exclude movant's criminal history, not to simply depart downward. (Id.) Defense counsel argued that by not counting movant's misdemeanors, movant qualified for safety valve reductions which permitted the court to sentence movant to less than the minimum mandatory sentence required under the sentencing guidelines. (Dkt. No. 74 at 4.)

These arguments demonstrate that defense counsel did not fail to investigate or object to movant's probation status, or fail to object to the two misdemeanor convictions in movant's criminal history. Thus, movant's claims are unavailing.[3] Movant failed to show how

---

[3] Movant also argues that he was wrongfully assessed a point for speeding, a minor traffic infraction, and claims defense counsel failed to object. However, the point that was

his defense counsel's actions in making these arguments prior to sentencing were objectively unreasonable. See Strickland, 466 U.S. at 688. In addition, these sentencing memorandums demonstrate that defense counsel was effective because movant was sentenced to 108 months, which was less than the mandatory minimum sentence of 120 months that movant faced under the sentencing guidelines. As pointed out by respondent, a defendant with more than one criminal history point is ineligible for a sentence below the statutory minimum. (Dkt. No. 87 at 3, citing 18 U.S.C. § 3553(f)(1).) Contrary to movant's argument, it is not likely that the sentencing judge would have sentenced movant to a lesser sentence because the sentencing judge had benefit of defense counsel's memorandums prior to the June 9, 2011 sentencing, and defense counsel argued all of the meritorious points raised by movant here. Thus, on this record, the court cannot find that defense counsel's performance was unreasonable.

Finally, movant failed to demonstrate prejudice. Movant does not contend that but for defense counsel's ineffective assistance, movant would have insisted on proceeding to trial. Rather, movant argues that had defense counsel taken certain steps, the sentencing judge would have sentenced movant to a lesser term. However, that is not the test under Strickland. Movant must demonstrate that he would have rejected the plea offer and opted to go to trial.

Here, because movant faced a 120 month mandatory minimum sentence, but was sentenced to 108 months, movant cannot demonstrate prejudice. It would not be rational for movant to forego the plea offer to proceed to trial and risk being sentenced to at least one additional year of incarceration based on count one. Moreover, had movant chosen to go to trial, he faced the additional charge in count two, distribution of 500 grams or more of methamphetamine. Under 21 U.S.C. § 841(b), movant faced a maximum sentence of life in prison for either count one or count two. Thus, movant cannot show that it would be rational for

---

assessed for the attendant charge, driving without a license, is not a minor traffic infraction, but a misdemeanor. The presentence report listed all of the charges together because they were incurred on the same date, October 23, 2007. (Dkt. No. 78 at 24.) Movant was properly assessed one point for the misdemeanor that occurred on October 23, 2007; thus, this claim is unavailing.

him to proceed to trial rather than accept the plea offer.

Therefore, movant's claims that he sustained ineffective assistance of counsel are unavailing.

VI. Conclusion

Accordingly, for all of the reasons set forth above, IT IS HEREBY RECOMMENDED that

1. Movant's June 4, 2012 motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 78) be denied; and

2. The Clerk of the Court be directed to close companion civil case No. 2:12-cv-1512 MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 15, 2013

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

rami0509.257